We are happy to be with you here in person today, so welcome everyone back to the courtroom. I'm pleased to be sitting with Judges Anderson and Luck, and so we are ready to get started on our first case. I think hopefully everyone's familiar with our lighting system. Green means you have plenty of time, yellow means wrap it up, and red means stop. If we're asking you questions, though, please feel free to answer, and we'll make sure to give you the time back on your rebuttal. I think we're ready to begin our first case. Mr. Buck? Good morning, Your Honor, and may it please the Court. My name is Tommy Buck, and I represent the appellant Daniel Posey, III. At issue in this case are three separate errors by the District Court in computing Mr. Posey's guideline range. First, Mr. Posey's prior conviction for unlawful possession of marijuana did not constitute a controlled substance offense. Second, the evidence did not support an enhancement for connection to a felony. And third, the evidence did not support an enhancement for three firearms. Mr. Posey's 2016 state law conviction does not constitute a controlled substance offense under the guidelines. And before I get to the merits of that argument, I will briefly address the government's claim that Mr. Posey did not preserve this issue in the trial court. If this Court has any concerns about that, I would point it to the 2019 Bortzakis case. That case, though, seems very different than this one. That was interpreting a claim that was made. In other words, a broad claim was made as to unconstitutionality, and it was ultimately dismissed. And we said that that broad claim encompassed a lot of things. That seems very different and separate from an objection to a specific thing that happens in the course of trial or sentencing, where we seem to have said that you need to do it reasonably clear and precise enough to have put the district court on notice. Do you see a difference between those things? Your Honor, I may see the distinction, Your Honor, but I believe Bortzakis was pretty on point. I think the— Do you agree with me that that is a case of the dismissal of a claim and not an objection made at sentencing, and that we have separate law dealing with objections at sentencing? Your Honor, that is a good distinction, and I'm actually not sure about that. Let me ask you this. Let's put that aside for a second. Imagine you're a district court judge, and you hear an objection during the course of a trial, and the objection is, objection, Your Honor, unconstitutional. That's it. Right. And you as a district court judge say, denied. And then it comes to us on appeal, and they argue, well, that was really a claim about the Fourth Amendment, that that particular statement was made in violation of the defendant's rights under the Fourth and Fifth Amendment, and the district court didn't rule on that or ruled incorrectly. Would you be upset if we then analyzed that claim under the Fourth and Fifth Amendment and ultimately ruled against you and reversed you because that ended up being prejudicial to the conviction in the case? Well, Your Honor, I would, but I don't think that's, Bortzakis would allow that, and I don't think that's what happened here. I think what was important in Bortzakis was that— Well, it seems actually worse here, because here an actual claim was made for why it was vague and why it was unconstitutional. They said, it's unconstitutional for this reason, the purchase issue. And then you come here and you tell us, no, no, no, no, no, no, we really don't care about that issue. It's actually overbroad. And that word overbroad and hemp, show me where in the entire transcript the word hemp comes into play. Well, hemp does not come into play, but overbroad does, Your Honor. But overbroad as to what? Overbroad as to control, as to whether—the Alabama statute was overbroad compared to what constitutes— Because it allowed purchase and allowed sale and had nothing to do with hemp or comparing the list from one schedule to another schedule, right? Well, yes, Your Honor, but I think that is exactly what happened in Bortzakis. That is an argument distinction, I believe, Your Honor, not an issue distinction. And in Bortzakis, the argument in the trial court was that the state law prescribed the act of administering a controlled substance, while the federal act did not. And on appeal, it's a completely different argument. The appellant had argued that accomplice liability was broader than accomplice liability in the federal statute. So it's a completely different argument, but same issue of overbreadth, and I think that's what we have here, Your Honor. And I would also say that even if, Your Honor, if you're correct, if you think this should be plain error review, I do believe this was a plain error. I think however you look at the term controlled substance, it cannot encompass substances that are neither on the federal schedules or the state schedules. Isn't the best reading of the statute, though, just wouldn't an ordinary person understand the guidelines to be targeting someone who had received a state conviction for a controlled substance offense or a federal conviction for a controlled substance offense, each one defined by its own parameters? Why shouldn't we just read it in that common sense way? Your Honor, I think you're asking about whether the controlled, you're asking about whether controlled substances definition encompasses the federal schedules and the state schedules. I think, Your Honor, that that's not a question that you have to reach in this case because Alabama took Kemp off its schedules as did the federal government. So like the Williams case in the Sixth Circuit, we said in that situation, we don't have to answer that question. So I don't think that question comes up. So if we do get to the merits, the real issue is timing, not what a controlled substance is. I think that's correct. I think timing is a big issue in this case. Well, I think if we get past the plain error, and I'm still having trouble understanding how it could possibly be plain since we don't have any law on this, it seems to me that timing is the only issue. In other words, if we look at what a controlled substance is, as Judge Grant said, whether it's a state or federal, under the state or federal schedule, at the time of conviction, then you lose, right? Yes, Your Honor. Okay. But if we look at it at the time of sentencing, then you likely win, again, putting the plain error issue aside. Yes, Your Honor. As far as the guidelines instruct, you always look to the law at the time of sentencing. And that's what the First Circuit said in Abdul Aziz, that's what the Sixth Circuit said in Williams, the Ninth Circuit said in Bautista. Let's look at 2K1.2A something or other, and the relevant guideline here that led to the enhancement, right? Yes, Your Honor. Okay. So what that says is that the defendant committed any part of the offense. This is if the basic offense level of 20 applies, if, quote, the defendant committed any part of the offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. Subsequent to, right? Yes. Isn't that indicative that we look to what happened before? In other words, that it's backward-looking rather than forward-looking at what happened at the time of sentencing? Your Honor, it is backward-looking as to the statute that was violated. It is not backward-looking to the comparator, in this case, which is a controlled substance offense, which requires a controlled substance. But it says a conviction, right? A conviction happened in the past. So why wouldn't a conviction for marijuana possession be a conviction for a controlled substance offense? Well, Your Honor, so I would say you look to the prior conviction as it occurred at the time. And as it occurred here, this was the hemp-inclusive version of the Alabama statute. So I think that's the first part of the categorical approach analysis. You do look to the prior offense. But then you have the comparator. And the comparator is controlled substance offense, which when the guidelines define controlled substance offense, it, of course, requires a controlled substance. And the guidelines say we apply the law in effect at the time. I think when you look to what constitutes a controlled substance, which changes over time. But how is that consistent with a backward-looking approach? In other words, if we determine whether it's a crime of, sorry, A, a crime of violence, or B, a controlled substance offense subsequent to, meaning backwards-looking, then wouldn't we compare it to what it was at that time? In other words, I think that's the question that Judge Grant's asking. Well, so again, and I hope I'm answering your question, Your Honor, but it's a two-part analysis that the first part, you look to the prior conviction. That is backwards-looking. You are correct, Your Honor. That's exactly what we're asking you to do here. No, but the question is whether it is a controlled substance offense subsequent to. In other words, the backwards-looking seems to be for both of what you want to compare it to. The conviction and what you compare it to seems to be looking at it at that time. Was it a controlled substance offense at that time? Not if it is today, because otherwise it would say, is that this person gets a 20 if today they were, had been convicted of a controlled substance offense. This says, did they commit their crime subsequent to having been convicted, as Judge Branch said, Judge Grant said, sorry, to a controlled substance offense. So the question is, was it a controlled substance offense at the time of the conviction? And wouldn't that comparison be done with what that meant at that time? No, Your Honor. I disagree. I think that you do look at the prior conviction, but I don't think that language says that you look back to, that you also look back to the definition of controlled substance. Does he have a conviction for marijuana possession? He had a conviction for, under the Hemp Inclusive Alabama statute in 2015. Right. So yes, is the answer, right? Yes, but I think applying the categorical approach, Your Honor, you look to the least culpable conduct. It was a statute that included hemp, criminalized hemp at the time. We assume under the categorical approach that there was a distribution of hemp. Hemp is no longer a controlled substance. And I do think, Your Honor, that the- Here's the issue though. At least in the immigration context, we have said in Gordon most recently, that you look to, you do the comparison backwards looking, because that is when it was an aggravated felony. You look at that time. And the Supreme Court in McNeil said, when you determine it based on ACCA, you look at whether it's a serious drug offense, backwards looking at the time, because it asked for a conviction. Why would this, when you have similar language of backward lookingness, and you agree with me that it is, would you do it any differently than in those contexts? So Your Honor, and I know I'm running out of time, and I will quickly point to Abdulaziz, Williams, Bautista- I know what other circuits have said. I'm asking you why- Yes, Your Honor. I told you what our law is, and I told you what the Supreme Court law is. Counsel, I think what you're trying to say is that there are two things involved here. The federal criteria and the prior state conviction. And what you're trying to say is that the federal criteria for what qualifies to enhance the current federal sentence, the federal criteria as to what will qualify for that enhancement is something about which the current law controls. Like 3553 and the guidelines themselves say that the guidelines at the time of sentencing means at the time of this instance sentencing. So what you're trying to say is that the federal criteria are determined by the current law, whether that be federal or state, which is the same thing here. And McNeil, of course, addressed only the prior conviction. At page 2020 in the right column, it says that the question in this case concerns how federal court should determine the maximum sentence for a prior state drug offense. We hold that the maximum term of imprisonment for the prior state offense is the maximum sentence applicable to his offense when he was convicted of. And that only makes common sense. What you're trying to do is determine what the fact found as to what the underlying conduct was. McNeil says nothing about what the federal criteria are. So I think that's what you're trying to say, that the federal criteria are determined as of the time of the instance sentencing. And at that time, we look to the federal listing, which delists him. Or if we look to the state law, Alabama has done exactly the same thing. And may I respond, Your Honor? Your Honor, that is exactly correct. I think McNeil addresses just the prior conviction, but not the federal comparator, which is the controlled substance offense definition. I call it the federal criteria. You're calling it the federal comparator. Yes, sir. We're talking about the same thing. Yes, Your Honor. Okay, thank you. Mr. Krishna. Thank you, Your Honor. Praveen Krishna for the United States. I'll begin talking about the controlled substance offense issue and start with the issue of the standard of review. The standard of review has to be plain error. This Court has made clear that whenever a defendant makes a sentencing objection, it needs to let the district court know the particular legal theory it's presenting and the grounds for the objection in order for that objection to be preserved on appeal. I think we have a case on point. This is United States v. Weeks at 711 F. 3rd 1255. How do you distinguish Portsakis? Portsakis is distinguishable, first of all, because that's a civil case. We're talking right now about Rule 52B under the rules of criminal procedure, and in the civil context, there is no analogous general plain error rule. There's a specific plain error rule that's focusing on jury instructions in civil cases, and the commentary in the civil procedure rule says that courts shouldn't readily assume that plain error principles apply equally in the civil context as in the criminal context. And so, Portsakis is readily distinguishable on that basis alone, and as far as the prior precedent rule would go, this case, Weeks, in which a defendant challenged an armed career criminal enhancement on the basis that his predicates didn't meet the criteria of occurring on different occasions, in the district court, he argued that his prior crimes didn't occur on different occasions because they happened so close in time that he didn't have the requisite intent to decide, I'm going to commit this first crime, then this second, then this third. On appeal, he changed his rationale, and he argued that he could be held liable for all of these predicates as long as his co-defendants had committed those crimes under principles of accomplice liability, and this court said that, well, now you're switching your legal theories, therefore, we're going to apply plain error review, and we don't have a single precedent that resolves this issue, therefore, you're going to lose. And so, that's exactly the posture that we have in this case. It is true in this case that he did argue in the district court that the Alabama statute was overbroad. Is it not true? That's true, but that's only as to the means, as to this issue of whether a purchase would count as a way of controlling substance offense. If the district court in this case had responded to Mr. Posey's objection by explaining that it thinks possession of hemp is a controlled substance offense, that would have been a non-sequitur. That would have had nothing to do with the merits of the specific issue Mr. Posey was raising at the time. And so, because the court never had the opportunity to weigh in on what is a fairly complicated issue, that's exactly why we have the plain error standard here. And whether or not this is plain error, whether or not the standard of review is plain error, there's no error at all because Mr. Posey's conviction for marijuana possession is necessarily a conviction for a controlled substance offense. As this court explained in Smith, a controlled That means it's a drug offense. That's an offense that the legislature created because it wants to target a particular substance because it believes that substance has behavioral... Let me ask you this. In order for you to prevail, I think you have to conclude that the guidelines and the law, whether federal or Alabama, at the time of the prior conviction apply rather than at the time of this sentencing. And that seems to me to be contrary to 3553 and what the guidelines say and common sense. I mean, it doesn't make common sense to suggest that what we thought about the culpability of hemp back at that prior time, that should not be relevant as to what is such that it warrants an enhancement now for this current sentence. See my problem? I do, Your Honor, and I have, I think, three basic responses. So the first is that we agree with Mr. Posey that we're applying the guideline at the time. We're applying the current version of the definition of controlled substance offense. But because this court has said that controlled substance offense, it's not a technical, legal definition. It's just what ordinary people would understand as a drug offense. Even though, even though it is not regulated by any relevant law, federal or state. Actually, Your Honor, I disagree with that. I mean, this is, I'll just take a bracket for a second because Mr. Posey describes hemp as perfectly legal in Alabama, and that's not quite correct. For a plant, a cannabis plant to count as industrial hemp under Alabama's it needs to have two features. The first is that it's THC, the psychoactive substance that makes marijuana so fun. That would be, this Delta 9 THC level needs to be 0.3% or lower, and it has to be cultivated or possessed by somebody who the state has identified as a licensed grower or in accordance with a USDA regulatory plan. So what that means is that if somebody today in Alabama is just growing hemp on his own without any permission from the state, those plants do not count as hemp under state law. Counselor, your point's well taken, but I would like at least clarification on what the government's position is. Is the government's position that we look at the entire inquiry is backwards looking, or is it the government's position that we look at what controlled substance means today at the time of, not today, but at the time of sentencing? It is backward looking, as you pointed out, because first the felon in possession offense occurs after or subsequent to the prior felony conviction explains that the conviction had to have already occurred. And most critically here, we're not, this case is not about what is the meaning of controlled substance standing alone. This case is about what is the meaning of controlled substance offense. And so we have to begin with the premise that it was a crime to possess hemp, and if it was a crime to possess hemp, what kind of a crime was it? It wouldn't count as an environmental crime, or a crime under the Endangered Species Act. The only reason that Mr. Posey could have been convicted of possessing hemp at the time was because Alabama treated hemp the way that it was a controlled substance. And so we're looking to what is the nature of his prior conviction, and the clearest answer is that he was convicted for a controlled substance offense. It seems to me to make a lot of difference legally as to whether we take a rigid, backward-looking approach or the more nuanced approach you were suggesting that it's not at all clear. In fact, it's probably clear that it was a crime in Alabama at the time because there wasn't any possibility that there could be a registered, any registered hemp at that time. It didn't exist. So, but if the backward-looking approach is applied, that means that something that is, in fact, entirely legal now under both federal and state law would nevertheless be used to enhance. Is it your position that that is the way that guideline would be interpreted? So, for example, if the federal government— So, what that says is that you're using the law at the time of the prior offense and not at the time of this offense. Either that or you're saying that it doesn't matter whether or not it is bad now. It doesn't matter. We're going to enhance anyway. Well, I, well, two responses. So, first in terms of the law, I think we have to separate the substantive criminal law, which is backwards-looking and provides the elements of the offense of conviction, and separate that from the text of the guideline. And we agree that we're looking at the current version of the text of the guideline, and we're saying that that plain language says nothing about this approach that Mr. Posey is arguing for, where you look back, but then you compare that to the current version of the state offense. There's nothing in the text that says this. Now, if a district court thinks that that result is unfair or unjust, it always has the power to vary downwards. Isn't it important to consider that it's not irrational to enhance someone's sentence based on their choice to violate the law in the past, even if the legislature has chosen to change the law for the future, right? There's nothing irrational about enhancing a sentence on that basis. No, that's exactly right, particularly in the context of a law-breaking in particular. So there is a big difference between somebody who engages in conduct that complies with the law and somebody who doesn't. To piggyback on that, there's no dispute that this conviction applies to calculate as criminal history. In other words, we do increase this guideline based on prior convictions, even though that prior conviction is no longer a crime always, right? No, that's absolutely right. That's right. And again, these are just the guidelines, which are advisory. And so if there is an instance where a judge thinks that these prior convictions are given too much weight and that they overstate the range of incarceration a person should face, the judge has the discretion to vary it accordingly. Even if it's rigid or well, I think that the variance has to be reasonable, right? So if the variance is against common sense, that probably is not reasonable. But other than that, I think that in terms of just calculating the guidelines, this is a pretty simple issue. A marijuana possession offense is a controlled substance offense. I've got a question for you on another topic before we run out of time. What evidence did the government introduce at sentencing to support that Posey had the ability and intent to exercise control over the Glock that was in the sedan, the one that was on the driver's side? Sure. I think we'd rely on a couple of features. So first, Mr. Posey has drawn this court's attention to Mascio-Williams' plea agreement. And in that agreement, the factual basis, he says that that firearm was accessible to Mr. Posey. Mr. Posey could see it and he could have relied upon it and drawn upon it if necessary. And when Mr. Posey is arriving at this controlled buy, he's arriving at a drug deal. And so there's, and he's arriving at a drug deal at a time after which he allegedly had already shot another drug dealer. And so he anticipates, he anticipates at the very least the need for protection. And so the fact that he thinks that, I think the idea would be he knows that he's going there for a drug deal. He, he, there's a value in having another firearm on hand in case it's necessary. Where, where were the other two firearms in the car? There's one firearm was found in the control, in the confidential sources car. And then the other firearm, the AR-15, was found on the passenger's side of his car. And so, or, and so what I was saying was, for example, if they're driving and they run into trouble, Mr. Williams won't readily be able to draw a gun, but Mr. Posey could draw the Glock 37 and use that if necessary. Is, is distance from the person go to the intent to use question? And does the fact that it's loaded with one in the chamber go to the intent to use? Does the fact that there are other guns, there's three guns for three people go to intent to use? Are those all facts that we would consider? Sure. Those are, those are all also relevant facts, Your Honor. That's right. What if the, what if the gun had been in almost the exact same place, but had been, if Williams was wearing cargo pants and it was, it was sticking out of his cargo pants, but equally within reach of Mr. Posey? Would the answer be the same there? I think, I'm, I'd have, I think that would be a much tougher question. I don't, I'm not aware of, I'm not aware of instances where defendants are regularly reaching into other accomplices' pockets to get firearms. But there are cases where a firearm that's in a console, even on the driver's side, has been held to be accessible to the passenger, and therefore, under theories of joint possession, the passenger could be tagged with its possession. So, well, thank you, Your Honor. Mr. Buck, you've reserved your four minutes. Thank you, Your Honor. You know, I, I do believe that it's important, as, as some of the, some, some of Your Honors have pointed out today, that criminal, the criminal history already takes into account past conduct. And we're looking at, we're talking about punishing someone even further based on conduct that, in this case, with the state . . . Are you not going to lose anyway, wholly aside from this backward-looking point? Are you not going to lose anyway because it was not possible for a legal hemp to have been sold back at the time of the conviction, and therefore, even the, the categorical approach would not work here? Well, Your Honor, I'm not, so this is a new position. I read the government's brief to, to be on the same, same page as us. But I think the important thing . . . It's a new position, kind of like your new position on appeal. Fair, fair enough, Your Honors. But I would say, Your Honor, that I think the statute is maybe unclear about whether for sure that's impossible. But I would say, Your Honor, I would point out, look, if, if that's what you do conclude, then Mr. Posey can still prevail if this court decide, you know, the issue of whether the controlled substances is exclusive to federal, the federal schedules would still apply. And I think there are good reasons to read it that way. I think, I think actually the U.S. Supreme Court's decision in Taylor v. United States and their definition of burglary . . . Did the feds just completely delist hemp? Or was it, was it qualified as in Alabama? I will say, Your Honor, that the, the Alabama statute is, is more qualified than the federal statute. But I think for the important part of the categorical approach is that it's, it is narrower, that they're both narrower than what the definition of marijuana was at the time. And I would, and if it was completely impossible, Your Honor, for that, for it to happen, and I'm not sure that's true if you look at the statutes. In fact, I would say the, there's an Alabama regulation that, that defines industrial hemp as an agricultural commodity without regard to any licensing requirements or regulatory requirements. But if, if you do decide, Your Honor, that you have to reach the federal state question here, I believe Taylor v. United States is very on point that the federal, the federal schedule should apply exclusively. You agree there, even the Supreme Court, as recently as within the last few months, has recognized that there's a deep split among the circuits on this very question. I recognize that, Your Honor, but they have, I think that . . . In other words, at least, I'd count them four circuits have said that it's not just the federal schedule. It is, as Judge Grant had questioned you earlier, including at least the state schedules, if not larger than that. I understand there is a, a big split on that question, Your Honor, and again, I think that's not a question that you have to reach in this case, but I think if . . . And in Smith, we said that it's determined based on a plain language approach, right? We, we, in other words, we didn't adopt the, it's only the federal schedule. That's it. That's all we looked at approach, right? Well, Your Honor, I believe that, that if, if you're, if you're, which Taylor v. United States should lead you to conclude that the guidelines encompass the federal schedules only, and they, they said that they had to, you could not define the term burglary according to, to state definitions in ACCA. I think the same reasoning applies here. I know I'm almost out of time, but, but I think that case does really point, if you have to decide that, which again, we say, we don't think you do, but if you do, I think despite what other circuits have said, and some circuits have agreed with us here, about half the circuits have, and I think if you have to decide that issue, you should incorporate the federal schedules, Your Honor. Thank you. Thank you. We've got your case. We'll move on to King.